Eastern District of Kentucky
FILED
JAN - 3 2007
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-158-HRW

LEWIS RAYMOND LAROCHE                      PLAINTIFF

VS:          **MEMORANDUM OPINION AND ORDER**

DENISE BLACK, ET AL.                          DEFENDANTS

Lewis Raymond Laroche, who is confined in the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky, has filed a civil rights complaint under 42 U.S.C. §1983 [Record No. 2]. He has filed a motion to proceed *in forma pauperis*, which motion the Court will address by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.

*See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff names the following defendants: (1) Denise Black, Nurse at the LSCC; and (2) the Prison Health System.

## RELIEF REQUESTED

The plaintiff seeks monetary damages of $250,000.00. He also seeks injunctive relief in the form of an order requiring the LSCC to terminate the employment of Denise Black, R.N.

## CLAIMS

The plaintiff alleges that the defendants have violated his rights under the Eighth Amendment of the United States Constitution. Specifically, the plaintiff alleges that he suffers from a serious skin infection/disorder which he describes as "Systemic Follicitis." He claims that the named defendants have shown deliberate indifference to this medical condition, and that as a result he has sustained physical harm.

## ALLEGATIONS OF THE COMPLAINT

The plaintiff has completed a §1983 prisoner complaint which he has supplemented

with four pages of handwritten material.[1] Summarized, the plaintiff alleges that he suffers from a serious skin disorder which is very painful and causes an itching and burning sensation. He complains that the condition worsens when he shaves.

The plaintiff has set forth a detailed accounting of the various conversations he had with LSCC medical staff (Nurse Back in particular) regarding his demand to be treated with antibiotics. He began to complain about his condition on August 4, 2006. He states that Denise Black was totally opposed to the plaintiff receiving any type of antibiotic remedy for the condition and that she determined that it was only a rash caused by shaving. He further complained that although Black had recommended that he treat the condition with "items" purchased from the canteen, she then instructed the prison canteen not to sell Benadryl to any inmates because they would "abuse it like junkies."

The attachments to the complaint reveal that on August 31, 2006, the Health Care Grievance Committee ("HCGC") essentially agreed with the conservative course of treatment which Nurse Black ordered (*i.e.*, not prescribing antibiotics and directing the plaintiff to treat the condition with over-the-counter products from the canteen). The HCGC informed the plaintiff that he was free to sign up for further evaluation at sick call if he felt the need.

The plaintiff not only did that, but he also appealed the HCGC's decision to Dr. Scott Hass, the Medical Director of the LSCC. Plaintiff demanded "a short term antibiotic/triclic

---

[1] The Court found the plaintiff's single-spaced handwritten supplement hard to read in places. In the event the plaintiff files any future handwritten pleadings, he is encouraged to *double-space* his handwritten entries.

3

medication." Dr. Hass issued a written denial of the appeal on October 2, 2006. In that denial, Dr. Hass stated that he concurred with the HCGC and that "the situation can be handled conservatively and is not of a medically necessary nature."

While his appeal to Dr. Hass was pending, the plaintiff was also receiving additional follow-up medical care. He states that on September 18, 2006, he was examined by "Dr. "Richard Fleming, M.D." Plaintiff informs that Dr. Fleming diagnosed his condition as "follicitis" and prescribed the strongest drug in the formulary.[2] He states that Dr. Fleming told him (plaintiff) that "his boss"--Nurse Black--refused to allow him to prescribe anything else for the burning and itching symptoms.[3]

The plaintiff's filings and handwritten chronology indicate that the plaintiff undertook no further written efforts to grieve his dissatisfaction with his medical care. He states that "to exhaust all administrative remedies" he filed a complaint against Nurse Black with the Kentucky Board of Nursing. That entity issued a written denial of the complaint on November 6, 2006, finding that after serious consideration of the complaint, there was insufficient evidence to warrant an investigation. The Board informed the plaintiff that if he found any new, relevant information, the Board would consider same.

---

[2] Again, the plaintiff's handwriting was difficult to discern, but it appears that the drug prescribed may have been "Doxyciclene"

[3] The Court is not required to discuss the merits of the claim because of failure to exhaust, discussed *infra*. The Court, however, finds it odd that a nurse would dictate to a licensed medical doctor what type of medication he could prescribe to a patient.

4

## DISCUSSION

The Court must dismiss this 1983 complaint, without prejudice, as premature. The reason for the dismissal is that although the plaintiff initiated *some* of the initial steps of the grievance system for prisoners in state prisons, he did not follow through with *all* of the necessary steps outlined in the applicable regulation.

The Kentucky Department of Corrections has promulgated a set of administrative regulations at 501 K.A.R. 6:020. These regulations, referred to as "Corrections Policies and Procedures" ("CPP"), govern prison procedures. CPP Number 14.6, entitled *Inmate Grievance Process*, explains the steps which state inmates are required to pursue in order to file a grievance.

CPP 14.6 §II (K) 1. - 3 sets forth the specific procedures which an inmate must utilize in order to grieve a health care concern. This regulation requires a state prisoner to first file written grievance seeking an "Informal Resolution." [§ II (K)(1)(a) and (b) ("Step 1")] In this process, the Grievance Coordinator will refer the matter to the institutional chief medical authority, who then reviews the inmate's grievance [*Id.* at (b)]. If the institutional chief medical authority denies the prisoner's health care concern grievance, the prisoner must then seek formal review by the institution's "Health Care Grievance Committee." [§ II (K)(2)("Step 2")]

The Health Care Grievance Committee consists of three (3) licensed health care professionals appointed through the Department of Corrections Medical Director's Office. If unsuccessful there, the prisoner must then seek final administrative review of his

5

grievance with the Medical Director of the Kentucky Department of Corrections [§ II (K)(3)("Step 3")]. Time frames for appeals and responses are established within this regulation.

Here, the plaintiff did not appeal Dr. Hass' October 2, 2006 denial to the Medical Director *of the Kentucky Department of Corrections*. He stopped after the Medical Director of the LSCC denied his claim. In addition to that failure, after he received some antibiotic medication on September 18, 2006, and was still not satisfied, he filed no follow-up grievance with the HCGC.

Instead, he essentially opted to file a claim against Nurse Black with the Board of Nursing, an agency which has no relation to the Kentucky Department of Corrections. The plaintiff was required to have fully complied with the administrative steps which apply to inmate health care concerns, not some other self-chosen process.

The Prison Litigation Reform Act (PLRA) requires that a prisoner must exhaust administrative remedies before filing suit in the district court. 42 U.S.C.A. §1997e. It states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a) (2004).

The plaintiff-prisoner has the burden of proving that a grievance has been fully exhausted, *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir.2002), and the prisoner must attach documentation to the complaint as proof. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th

Cir.1998). Exhaustion is not jurisdictional; it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir.1999), even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir.1999).

Again, this dismissal is only *without* prejudice to the plaintiff fully exhausting his medical claims. 28 U.S.C. §1915(e)(2)(2)(ii).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The plaintiff's complaint asserting Eighth Amendment claims is **DISMISSED WITHOUT PREJUDICE**.

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the named defendants.

This __2__ day of January, 2007.

_____
HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE

7