NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-158-HRW

LEWIS RAYMOND LAROCHE                                                      PLAINTIFF

VS:                           **MEMORANDUM OPINION AND ORDER**

DENISE BLACK, ET AL.                                                       DEFENDANTS

Before the Court for consideration is the "Motion to Alter or Amend Judgment" [Record No. 7] filed by Lewis Raymond Laroche, the *pro se* plaintiff. Plaintiff is confined in the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky. The authority for the motion is Fed. R. Civ. P. 59(e). The plaintiff asks the Court to amend the January 3, 2007 Memorandum Opinion and Order ("the Opinion and Order") dismissing this action [Record No. 5].

PROCEDURAL HISTORY
1. The Complaint

On November 28, 2006, the plaintiff filed the instant complaint asserting claims under 42 U.S.C. §1983. The essence of his complaint was that he suffered from a skin disorder, which he claims that LSCC medical staff failed to properly treat. He claimed that the prison medical staff's handling of his skin disorder constituted cruel and unusual punishment in violation of the Eighth Amendment. The plaintiff alleged that his condition is very painful and causes an itching and burning sensation. He complained that the condition worsens

when he shaves. The plaintiff demanded that the medical staff administer antibiotics, but for several weeks, the prison medical staff disagreed with the plaintiff's assessment and determined that the skin condition could be treated without antibiotics.

2. The Opinion and Order

In the Opinion and Order, the Court concluded that the plaintiff had not fully exhausted his claim in accordance with the applicable "Corrections Policies and Procedures" ("CPP") promulgated by the Kentucky Department of Corrections ("KDOC"). Specifically, the Court concluded that with regard to two specific incidents of alleged deliberate indifference to a serious medical condition, the plaintiff had not followed the final administrative appeal step set forth in CPP Number 14.6, entitled *Inmate Grievance Process*.[1] The final step requires a prisoner to appeal an adverse decision of the prison's Health Care Grievance Committee ("HCGC") to the Medical Director of the KDOC [*See* CPP 14.6, §II (K)(3)("Step 3")].

The first of the two incidents at issue arise from the HCGC's August 31, 2006 denial of the plaintiff's demand for more aggressive medical treatment. In the Opinion and Order, the Court noted that the plaintiff had filed an appeal to Scott Haas, Medical Director. The Court identified Haas as the Medical Director of the LSCC, not as the Medical Director of the KDOC. Having interpreted Haas' title as such, the Court concluded that the plaintiff had

---

[1] In the Opinion and Order, the Court set forth a detailed discussion of the various steps which the plaintiff pursued in order to grieve his Eighth Amendment medical claims; the various responses the plaintiff received regarding during the administrative exhaustion process; and the administrative steps which a prisoner must pursue according to CPP 14.6. The Court will not reiterate that factual summary here.

2

not appealed the August 31, 2006 decision of the HCGC to the final level, the Medical Director of the KDOC.

The second of the two incidents at issue relates to medical treatment the plaintiff received after the HCGC rendered its August 31, 2006 denial of his claim. Specifically, on September 18, 2006, the plaintiff received follow-up treatment and in fact was administered the antibiotic medicine which he had demanded from the outset. He stated in his complaint that he was still not satisfied with the medical treatment he received. In the Opinion and Order, the Court found that the plaintiff had not filed an appeal to the HCGC concerning his complaints about his medical treatment on September 18, 2006. Therefore, the Court concluded that all claims relating to medical service on that date had not been properly exhausted through the requisite KDOC administrative channels.

## CURRENT MOTION

Summarized, the plaintiff contends that Dr. Scott Haas is in fact the Medical Director of the KDOC, not the LSCC as the Court concluded. Accordingly, he submits that he properly appealed the HCGC's August 31, 2006 decision to the KDOC, and that Dr. Haas, as Medical Director of the KDOC, denied that appeal on October 2, 2006. Plaintiff argues that he fully and properly exhausted his claims, and that he could seek no higher administrative appeals.

## DISCUSSION
### 1. Standard of Review

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not

available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

With those standards in mind, and having considered and reviewed the plaintiff's submissions, the Court agrees with the plaintiff that Dr. Scott Haas is, in fact, the Medical Director of the KDOC, not the LSCC. The Court further agrees with the plaintiff that with regard to his claims leading up to the HCGC's August 31, 2006 decision, he administratively exhausted those claims as far as he could.

Having reached that decision, however, the Court will discuss *infra* why it concludes that the plaintiff's pre-August 31, 2006 claims suffers from another deficiency on the merits which requires dismissal *with* prejudice. The Court will also discuss why the claims relating to the medical treatment which the plaintiff received on September 18, 2006, still suffer from a lack of exhaustion, and were properly dismissed without prejudice.

### 2. Pre- August 31, 2006 Medical Treatment

The Court will discuss the merits of the plaintiff's claims which predate the HCGC's August 31, 2006 denial of his request for more aggressive treatment.

### A. Elements of an Eighth Amendment Claim

In order to state a cognizable claim under the Eighth Amendment regarding medical care, a prisoner must show both "deliberate indifference" and a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To substantiate an allegation of deliberate indifference, a prisoner must establish that the deprivation was sufficiently serious *and* that officials acted with a sufficiently culpable state of mind. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992).

The Eighth Amendment claims contain both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). The subjective component requires the plaintiff to demonstrate that prison officials acted wantonly, with deliberate indifference to the plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994).

Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* at 835-36. Deliberate indifference has also been defined as "more than mere negligence, but 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Foy v. City of Berea*, 58 F.3d 227, 232 (6th Cir. 1995) (quoting *Farmer v. Brennan*).

Allegations of medical malpractice or negligent diagnosis and treatment are not cognizable under §1983. *See Estelle v. Gamble*, 429 U.S. at 106; *Birrell v. Brown*, 867 F.2d

956,958 (6th Cir. 1989). The concept of deliberate indifference has been equated with wantonness and with acts that are taken with criminal recklessness. *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994). An official must show a conscious disregard to a substantial risk that the inmate will experience serious harm. *Farmer v. Brennan*, 114 S. Ct. at 1979.

### B.  Eighth Amendment Analysis Applied to Facts

As noted, the Opinion and Order discusses in detail all of the medical treatment which the plaintiff received from the moment he advanced his first grievance. It would be redundant to recount the various dates on which the plaintiff received medical attention. All were described in the Opinion and Order, along with a summary of the treatment rendered. Suffice it to say, the plaintiff was afforded prompt and reasonable medical care in response to his complaints and concerns about his medical condition. At no time were his complaints ignored. While the plaintiff disagreed with the conservative course of treatment which the prison medical staff offered to him (all of which Dr. Haas supported on appeal), such disagreement does not constitute an Eighth Amendment claim.

Here, the plaintiff was not satisfied with the conservative medical solutions offered to him. It is not that the plaintiff was not offered medical care so much as it is that he did not prefer the kind of medical services that were offered. For instance, the plaintiff originally thought he should have been administered antibiotics. The medical staff initially disagreed. Eventually, however, the medical staff did, in fact, give the plaintiff the antibiotic treatment he sought, a fact revealed by the attachments to the plaintiff's complaint.

When a plaintiff claims deliberate indifference to his serious medical needs but the case involves a difference of opinion between the plaintiff and a doctor regarding the

6

plaintiff's diagnosis and treatment, there is no Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Even if mistakes in diagnosis and treatment are made, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.[2]

At the most, Plaintiff Laroche has set forth an argument over the sufficiency of the conservative course of medical treatment he received at the LSCC. The plaintiff's attachments indicate that the LSCC medical staff evaluated him on several occasions and gave him medicine to treat his skin condition. In summary, the plaintiff is criticizing the conservative course of treatment offered to him as being "inadequate." A dispute over the adequacy of medical care rendered to a prisoner generally does not rise to the level of an Eighth Amendment violation. *Westlake v. Lucas*, 537 F.2d at 860 n.5.[3]

The plaintiff has not asserted facts which would justify deviation from this rule. The plaintiff has established neither *deliberate* indifference to his medical condition, nor *any* culpable state of mind on the part of the named defendants regarding his treatment prior to

---

[2] There are numerous unpublished Sixth Circuit opinions which adopt *Westlake v. Lucas*' holding. *See Wilson v. Wilkinson*, 62 Fed. Appx. 590, 2003 WL 1795812 (6th Cir. (Ohio) April 1, 2003) (Not selected for publication in the Federal Reporter); *Wooley v. Campbell*, 63 Fed. Appx. 789, 2003 WL 1795708 (6th Cir. (Tenn.) March 27, 2003); *Wright v. Sapp*, 59 Fed. Appx. 799, 2003 WL 1465184 (6th Cir. (Ky.) March 17, 2003); and *Simpson v. Ameji*, 2003 WL 236520 (6th Cir. (Ky.) January 30, 2003).

[3] To the extent the plaintiff may be alleging mere negligence in his medical treatment, such a claim should be asserted in state court, not federal court. Federal courts do not have jurisdiction over actions regarding "duties that are analogous to those traditionally imposed by state tort law." *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)).

August 31, 2006. The §1983 claims regarding his treatment prior to August 31, 2006, will be dismissed *with* prejudice. *See* 28 U.S.C. §1915(e)(2)(ii).

### 3. Claims Relating to September 18, 2006 Treatment

Nothing in the plaintiff's current filing changes the Court's disposition, in the Opinion and Order, of the plaintiff's claims relating to his dissatisfaction over his medical treatment on September 18, 2006. While the plaintiff states that he was unhappy about the medical staff's refusal to treat him in the manner he demanded on that date, the plaintiff did not file an appeal of the staff's decisions with the HCGC as required by CPP 14.6, §II (K)(2).

Simply put, the HCGC did not have an opportunity to evaluate any claims stemming from the September 18, 2006 date of treatment. Those claims have not been exhausted. Exhaustion is not jurisdictional; it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir.1999), even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir.1999). Accordingly, claims on this issue remain premature for this Court's consideration. These claims were properly dismissed *without* prejudice.[4]

### CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  The plaintiff's "Motion to Alter or Amend Judgment" [Record No. 7] is

---

[4] The plaintiff is advised that if he exhausts his claims regarding follow-up medical treatment rendered on or after September 18, 2006, he will be required to file a **new** action asserting those claims. He will not be permitted to amend this complaint. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), which holds that a district court is not authorized to allow the plaintiff to amend a dismissed complaint in order to cure deficiencies.

**GRANTED IN PART** and **DENIED IN PART** pursuant to Paragraphs (2)- (4) herein.

(2)     The January 3, 2007 Memorandum Opinion and Order dismissing this action [Record No. 5] is **AMENDED** to reflect that the plaintiff exhausted his Eighth Amendment medical claims relating to treatment received at the LSCC **prior** to August 31, 2006.

(3)     The plaintiff's Eighth Amendment claims relating to medical treatment which he received at the LSCC **prior** to August 31, 2006, fail on the merits and are **DISMISSED WITH PREJUDICE**.

(4)     The plaintiff's Eighth Amendment claims relating to medical treatment which he received at the LSCC on September 18, 2006, were properly dismissed without prejudice and that portion of the January 3, 2007 Memorandum Opinion and Order dismissing this action [Record No. 5] is not affected by the terms of this Memorandum Opinion and Order.

This   January   19,   2007.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge